UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES TURNER,

            Plaintiff,

-against-

ORANGE COUNTY DISTRICT ATTORNEY
DAVID M. HOOVLER; A.D.A. ALEXANDRA
PIETROPAOLO,

            Defendants.

24-CV-8918 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

    Plaintiff, proceeding *pro se*, is currently detained at Orange County Jail. Plaintiff asserts claims, under 42 U.S.C. § 1983, against Orange County District Attorney (DA) David Hoovler and Assistant District Attorney (ADA) Alexandra Pietropaolo. By order dated December 20, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] (ECF No. 9.)

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires federal courts to screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

The following facts are drawn from the complaint.[2] Plaintiff alleges that during Grand Jury proceedings, ADA Pietropaolo, acting on behalf of Orange County DA Hoovler, knowingly made a false statement.[3] The false statement is not identified in the complaint. As a result of the ADA's statement, Plaintiff's "freedom was taken," and he was subjected to excessive bail. (ECF 1 at 4.)

Plaintiff sues DA Hoovler and ADA Pietropaolo under 42 U.S.C. § 1983. Plaintiff seeks compensation for "lost liberty," including $150 for each day that he has spent in jail. Plaintiff also asks that the Court dismiss the criminal indictment pending against him in state court.

## DISCUSSION

**A.    Prosecutorial Immunity**

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see*

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

[3] Plaintiff attaches an exhibit that appears to reflect Grand Jury testimony from someone who stated that the individual had examined a weapon ("item number seven") and deemed it operable. (ECF 1 at 8.) He also attaches a Firearm Operability Statement, signed by James Kantz. (*Id.* at 9.)

*also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)).  Prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial."  *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*)).

Here, Plaintiff's claims are based on defendants' actions in conducting Grand Jury proceedings, and Defendants thus are immune from suit based on these allegations.  Plaintiff's Section 1983 claims are therefore dismissed, under 28 U.S.C. § 1915(e)(2)(b)(iii), because they seek monetary relief against defendants who are immune from such relief.

**B.      Supervisory Liability**

Plaintiff cannot state a claim under Section 1983 against DA Hoovler based on the alleged misconduct of an employee whom he supervises.  To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation.  *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted).  A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*.").

Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Here, Plaintiff seeks to hold DA Hoovler responsible for the actions of ADA Pietropaolo because she "works for" him. (ECF 1 at 4.) Because there is no *respondeat superior* liability, Plaintiff's allegations that DA Hoovler supervises an employee who allegedly engaged in wrongdoing are insufficient to state a claim against DA Hoovler. Plaintiff's Section 1983 claims against Defendant Hoovler are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.    Claim Seeking Dismissal of State Criminal Indictment**

Plaintiff seeks relief in his state court criminal proceedings. A claim that affects the fact or duration of confinement must be brought in a petition for a writ of *habeas corpus* –- not a civil rights action. *See, e.g.*, *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (noting that a petition for a writ of *habeas corpus* is the sole federal remedy for a prisoner seeking to challenge the fact or duration of his confinement).

In some circumstances, a state pretrial detainee may challenge the constitutionality of his detention in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. *See, e.g.*, *Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012) (collecting cases). Before seeking *habeas corpus* relief under Section 2241, however, a state pretrial detainee must first exhaust available state-court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [§ 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal *habeas* relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). In the pretrial context, such exhaustion can include seeking *habeas corpus* relief in the state courts and,

if necessary, appealing all the way up to the New York Court of Appeals, the State of New York's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq.*

Because the complaint includes no allegations suggesting that Plaintiff exhausted his challenge to his alleged deprivation of rights in the state courts, the Court declines to recharacterize this Section 1983 complaint, in part, as a petition brought under 28 U.S.C. § 2241.[4]  This order does not prevent Plaintiff from pursuing *habeas corpus* relief after exhaustion of his grounds for relief in state court.

**D.      Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.* 310 F.3d 243, 258 (2d Cir. 2002).. Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[4] When a district court construes a complaint brought under Section 1983 as a Section 2241 petition, it must notify the *pro se* plaintiff that it intends to recharacterize the pleading and provide the litigant an opportunity to decline the conversion or withdraw the petition. *Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004).

The Court directs the Clerk of Court to enter judgment in this matter.

SO ORDERED.

Dated:  June 25, 2025                    /s/ Kimba M. Wood
        New York, New York

                                         KIMBA M. WOOD
                                         United States District Judge